# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DELILAH MICHELLE PAUL, an individual (2) DELILAH MARIE PAUL, an individual, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 15-CV-712-JHP-TLW<br>) |
| (1) CSAA FIRE & CASUALTY INSURANCE COMPANY, D/B/A CSAA INSURANCE GROUP, AAA INSURER, an Alaskan Corporation, and (2) CSAA FIRE & CASUALTY INSURANCE COMPANY D/B/A CSAA INSURANCE GROUP, AAA INSURER, a California Corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. No. 14). Defendant seeks judgment in its favor with respect to certain portions of Plaintiffs' Petition. After consideration of the briefs, and for the reasons stated below, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

## BACKGROUND

Plaintiffs Delilah Michelle Paul and Delilah Marie Paul (together, "Plaintiffs") owned a home located at 8434 N. 67th East Avenue in Owasso, Oklahoma. (Doc. No. 2-1 (Petition), ¶ 8). Plaintiffs possessed a homeowners insurance policy on their home, issued by Defendant CSAA Fire & Casualty Insurance Company, d/b/a CSAA Insurance Group, AAA Insurer ("CSAA"). (Doc. No. 2-1, ¶ 9). The policy was in effect on December 15, 2013, when a fire damaged part of Plaintiffs' home. (Doc. No. 2-1, ¶¶ 9-10). On December 17, 2013, Plaintiffs entered into a

1

contractual agreement for restoration of their home with Pro Choice Carpet Cleaning and Restoration, Inc. ("PCC"). (Doc. No. 2-1, ¶ 11). CSAA, PCC, and Plaintiffs communicated over the next six months regarding the estimated cost of repairs, culminating in a final estimate from PCC totaling $93,814.06 and a proposed estimate from CSAA totaling $62,159.28. (Doc. No. 2-1, ¶¶ 12-16). In all, the total amount paid to PCC was $76,284.73, leaving a balance of $17,529.333. (Doc. No. 2-1, ¶ 17). On August 20, 2014, PCC filed a Mechanic's Lien against Plaintiff's property, and on October 24, 2014, PCC filed a foreclosure and breach of contract claim against Plaintiffs (the "Underlying Lawsuit"). (Doc. No. 2-1, ¶ 18).

Plaintiffs filed this action in state court against CSAA on November 18, 2015, asserting two claims against CSAA: (1) breach of duty of good faith and fair dealing, for unreasonably failing to promptly negotiate and settle Plaintiffs' claim regarding PCC's repair work without proper cause (Count One), and (2) breach of duty to defend, for failing to take action or defend Plaintiffs against the Underlying Lawsuit (Count Two). On December 14, 2015, CSAA removed the action to this Court based on diversity jurisdiction. CSAA filed an Answer to Plaintiffs' Petition on December 14, 2015. (Doc. No. 7).

CSAA has now moved for judgment on the pleadings in its favor on (1) "all allegations in Count One of Plaintiffs' Petition asserting or based upon a duty to defend the Underlying Lawsuit"; and (2) "all allegations in Count Two of Plaintiffs' Petition." (Doc. No. 14, at 2). In their Response brief, Plaintiffs indicate that PCC dismissed the Underlying Lawsuit against Plaintiffs on March 8, 2015, thereby rendering Count Two moot as it pertains to the breach of duty to defend. (Doc. No. 21). Plaintiff asks the Court either to deny CSAA's motion or to strike certain portions of the Petition that pertain to the breach of the duty to defend. In its Reply brief, CSAA reiterates that it is entitled to judgment on the pleadings on all of Count Two and

the portions of Count One that are premised on a duty to defend, and it makes a new argument that the remaining allegations in the Petition fail to state a claim on which relief can be granted. (Doc. No. 22).

## DISCUSSION

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) after the pleadings are closed. Under Rule 12(h)(2)(B), a party may move for judgment on the pleadings for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(h)(2)(B). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)). Accordingly, in considering a Rule 12(c) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion for judgment for failure to state a claim, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly,* 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

**I.      Breach of Duty to Defend**

With respect to Plaintiffs' Count Two and portions of Count One, Plaintiffs allege a breach of CSAA's duty to defend them against the Underlying Lawsuit. In Count One, Plaintiffs allege in the Petition that CSAA "owed a duty to Plaintiffs to defend them in any legal disputes that arose as a result of [their] loss" (Doc. No. 2-1, ¶ 24) and that CSAA's "irresponsible, intentional and reckless disregard for Plaintiffs' wellbeing" resulted in a lien being placed on Plaintiffs' home and PCC's filing a lawsuit for foreclosure of that lien for failure to pay (*id.* ¶ 26). In Count Two, Plaintiffs further allege a breach of CSAA's duty to defend them from the Underlying Lawsuit. (Doc. No. 2-1, ¶¶ 30-33).

CSAA argues Plaintiffs' homeowners policy does not cover defense of the Underlying Lawsuit. For that reason, CSAA seeks judgment as to Count Two and those portions of Count One that refer to a duty to defend Plaintiffs against the Underlying Lawsuit. In Response, Plaintiffs do not address the merits of CSAA's argument but instead concede that Count Two should be dismissed and the Petition amended to remove references to the duty to defend.[1] In support of this proposal, Plaintiffs point out that PCC has dismissed the Underlying Lawsuit as to Plaintiffs, which renders claims pertaining to the Underlying Lawsuit moot. (*See* Doc. No. 21-1 (Dismissal without prejudice in Tulsa County Case No. CJ-2014-4057)).[2]

Given Plaintiffs' concessions, the Court concludes that further analysis of CSAA's duty to defend the Underlying Lawsuit is not required. Accordingly, Count Two (Breach of Duty to

---

[1] Even though Plaintiffs concede their intent to withdraw any claim pertaining to the Underlying Lawsuit, Plaintiffs nonetheless request that Count One remain as pleaded and that certain allegations in Count Two be absorbed into Count One. Because Plaintiffs' request is inconsistent with their concession that any claim pertaining to the Underlying Lawsuit is moot, the Court denies it.

[2] The Court may appropriately consider this document as a matter of public record, without converting the motion to a motion for summary judgment. *See Hamilton v. Rogers Cty. Bd. of Cty. Comm'rs*, 2015 WL 1528912, at *2 (N.D. Okla. Apr. 3, 2015).

Defend) is dismissed. The portions of Count One that refer to the Underlying Lawsuit or the duty to defend the Underlying Lawsuit are also dismissed.

## II.     Breach of Duty of Good Faith and Fair Dealing

In its Motion, CSAA does not seek dismissal or otherwise address Count One of the Petition, except as it pertains to the breach of the duty to defend. However, in its Reply brief, CSAA makes a new argument for judgment on the entirety of Count One, for failure to state a claim for which relief can be granted. The Court declines to consider this argument, because CSAA failed to raise it in its opening brief and Plaintiffs had no opportunity to respond to it. "[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). CSAA offers no explanation for its attempted expansion of its motion for judgment. Accordingly, CSAA's untimely request to dismiss Count One in its entirety is denied.

## CONCLUSION

For the reasons detailed above, Defendant's Motion for Judgment on the Pleadings (Doc. No. 14) is **GRANTED.** Count Two of the Petition, and the portions of Count One addressing CSAA's duty to defend the Underlying Lawsuit, are dismissed. The remainder of Count One remains for resolution.

James H. Payne
United States District Judge
Northern District of Oklahoma